UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JYWANZA IGWE MOORE,

    Plaintiff,

v.                                  Case No. 3:26cv2936-TKW-HTC

OFFICER MATTHEW D. PHILLIPS &
CITY OF CRESTVIEW, FLORIDA,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Jywanza Igwe Moore, proceeding *pro se* and *in forma pauperis*, initiated this action on March 25, 2026, by filing a complaint under 42 U.S.C. § 1983 arising out of an arrest. Doc. 1. On April 3, after screening the complaint, the undersigned issued an Order finding the complaint failed to state a claim but giving Moore an opportunity to amend his complaint in accordance with the Order. Doc. 6. The April 3 Order informed Moore that his failure to comply with any part of the Order could result in a recommendation that this case be dismissed. Doc. 6 at 13. Moore filed an amended complaint on April 9. Doc. 7. Upon review, the amended complaint continues to suffer from the same deficiencies – namely, it contains purely conclusory allegations without supporting facts. Therefore, the amended complaint should be DISMISSED WITHOUT PREJUDICE for failure to state a claim.

## I.    BACKGROUND

In Moore's first amended complaint, he sues the same two defendants as he did in his initial complaint: (1) Officer Matthew D. Phillips, in his individual and official capacity; and (2) the City of Crestview.  The following relevant allegations are taken from the first amended complaint and accepted as true for purposes of this report:[1]

On November 16, 2025, Moore was operating a motor vehicle in Crestview, Florida.  Defendant Phillips initiated a traffic stop, based on recognizing Moore from a prior encounter and a belief the vehicle was registered to someone without a license.  However, Moore had not committed a traffic violation or criminal offense.  "The stop was conducted without reasonable suspicion or probable cause."

Phillips arrested Moore and charged him with driving with a suspended license.  Moore was detained for 24 hours.  The charge was later dismissed.  Phillips's "report contained false and misleading statements regarding the reason for the stop and the events that occurred."

---

[1] It appears Moore submitted two documents titled "amended complaint," both of which are docketed as a single document.  Doc. 7 & Doc. 7-1.  The first document is on this Court's required forms and is signed by Moore.  Thus, the Court will treat that as the operative amended complaint.  Doc. 7 at 1-10.  The second document is not on the Court's required forms and is not signed by Moore.  Doc. 7-1.  While the facts set forth above come from the first document, as discussed herein, even if the Court were to consider the additional allegations from the second document, the Court would nonetheless find it fails to state a claim.  Moreover, the fact that Moore submitted two "amended" complaints – neither of which is sufficient to state a claim – shows that Moore will be unable to state a claim even if given an additional opportunity to do so.

Case No. 3:26cv2936-TKW-HTC

Phillips's actions were "carried out pursuant to policies, customs, or practices of the City of Crestview, or due to a failure to properly train and supervise its officers."

Based on the above allegations, Moore claims he suffered emotional distress, "loss of freedom," and other damages. He sues Phillips for violating the Fourteenth Amendment in conducting an unlawful traffic stop, for false arrest, and for fabrication of evidence. He sues the City for "municipal liability." As relief, Moore seeks $250,000 in compensatory damages and $50,000 in punitive damages.

## II.    DISCUSSION

In the Court's amend order (Doc. 6), the undersigned told Moore the initial complaint was an improper shotgun pleading which violated Federal Rule of Civil Procedure 8 because it was replete with conclusory and vague facts. Despite an opportunity to amend, Moore's amended complaint is also replete with conclusory and vague facts. For example, Moore sues the City for "municipal liability" without identifying a single policy, procedure, custom or practice that contributed to a violation of his constitutional rights. As the Court previously instructed Moore, "[t]o prove a *Monell* claim,[2] a plaintiff must show: (1) that his constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the

---

[2] *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

Case No. 3:26cv2936-TKW-HTC

violation." *Andre v. Clayton Cnty., Georgia*, 148 F.4th 1282, 1300 (11th Cir. 2025).

The amended complaint does not set forth *any* facts to support any of those elements.

Similarly, despite alleging that Phillips violated the Fourteenth Amendment by conducting a traffic stop on Moore, Moore admits that Phillips did so based on his prior knowledge of Moore and his "belief" that the vehicle Phillips saw Moore driving was registered to an unlicensed driver. As this Court previously advised Moore, "reasonable suspicion is all that is required" to justify a traffic stop. *See Baxter v. Roberts*, 54 F.4th 1241, 1256 n.9, 1265 (11th Cir. 2022). And that is what Phillips had, even by Moore's own allegations. Moreover, as the Court also previously told Moore, the arrest report (attached hereto)[3] confirms Phillips had reasonable suspicion.[4] Thus, Moore continues to fail to state a constitutional claim based on the traffic stop.

Moore's false arrest claim is also based solely on conclusory allegations. Moore states that Phillips's report contained false and misleading statements but he does not identify what those misstatements are, even though the undersigned attached a copy of the report to the prior amend order (Doc. 6). In the unsigned and

---

[3] The undersigned attached a copy of the arrest report and relied upon it in the amend order (Doc. 6) because it is central to Moore's claim.

[4] In the unsigned second document (Doc. 7-1) Moore again alleges that Phillips "claimed Plaintiff did not possess a driver's license based on database information." This allegation also supports a finding of reasonable suspicion and is consistent with the probable cause affidavit, in which Phillips states he queried NCIC/FCIC prior to making the stop and learned the registered owner of the vehicle only had an identification card, and then confirmed the identity of the owner was Moore, who was driving the vehicle.

Case No. 3:26cv2936-TKW-HTC

deficient second version of the amended complaint (Doc. 7-1), Moore identifies the false information as (1) claiming Moore had a prior encounter where he switched seats to avoid law enforcement; (2) claiming Moore had multiple prior stops in the vehicle, despite the vehicle being purchased less than 30 days prior,[5] and (3) claiming Moore had been previously warned to correct his license.  Doc. 7-1 at 2.

As the Court previously told Moore, although intentional or reckless material misstatements or omissions in a warrant affidavit can violate the Fourth Amendment, *Kelly v. Curtis*, 21 F.3d 1544, 1555 (11th Cir. 1994), to do so those misstatements must be material to the probable cause determination.  *See Franks v. Delaware*, 438 U.S. 154, 156 (1978).  Here, even putting those alleged false statements aside, there was probable cause to arrest Moore.  *See Paez v. Mulvey*, 915 F.3d 1276, 1287 (11th Cir. 2019) ("[W]hether a misstatement or omission in a warrant affidavit constitutes a Fourth Amendment violation," depends on "whether probable cause would be negated if the offending statement was removed or the omitted information included").  Namely, Phillips queried NCIC, which showed that Moore's Georgia driver's license had expired in 2020, and he had only a Florida identification card. Thus, none of the allegations in the amended complaint or the unsigned second document are sufficient to support a claim for false arrest.

---

[5] Phillips does not state in the report that Moore was pulled over in the same vehicle on the other occasions, simply that he was stopped 2 prior times.

## III.  CONCLUSION

After Moore filed his initial complaint, the Court issued a detailed 13-page order outlining the deficiencies with the complaint and the elements for the claims Moore sought to assert.  Doc. 6.  In the signed amended complaint, Moore fixed one issue identified by the Court—improper joinder—by omitting a claim for deliberate indifference to a medical need.  Moore, however, did not cure his Rule 8 violations because he failed to add any factual allegations.  Thus, the amended complaint continues to fail to state a claim against Phillips or the City.  And to the extent Moore wants the Court to consider the second document attached to the amended complaint—the improper and unsigned amended complaint (Doc. 7-1)—that complaint does not add any new factual allegations that would nudge the claims across the motion to dismiss threshold, and it further continues to disregard this Court's prior order by including claims related to deliberate indifference to a medical need, jail conditions, and improper release documentation, which cannot be brought in this action under Rule 20.

Because Moore has already had one (and arguably two) opportunities to amend, and has shown he is unable to do so, this action should be dismissed and no additional amendments allowed.  *See Tanner v. Neal*, 232 F. App'x 924, 924 (11th Cir. 2007) (affirming *sua sponte* dismissal of complaint without prejudice when plaintiff "failed to follow the district court's instructions on how to amend her

complaint in order to comply with Fed. R. Civ. P. 8"); *Bell v. Fla. Highway Patrol*, 476 F. App'x 856, 857 (11th Cir. 2012) (affirming dismissal of complaint when "the district court provided [plaintiff] with instructions in its order dismissing her second amended complaint" but her "third amended complaint failed to comply with these detailed instructions regarding how to plead claims and which claims to present"); *Skillern v. Ga. Dep't of Corr. Comm'r*, 379 F. App'x 859, 860 (11th Cir. 2010) (noting the "district court did not abuse its discretion in dismissing [*pro se* prisoner's] case without prejudice because [he] failed to comply with the magistrate's order to comply with Rule 20(a) when he did not show that the claims against the defendants arose out of the same transaction, occurrence, or series of transactions or occurrences").

Accordingly, it is RECOMMENDED that:

1.    Moore's amended complaint (Doc. 7) be DISMISSED WITHOUT PREJUDICE for failure to state a claim.

2.    The clerk close the case.

At Pensacola, Florida, this 17th day of April, 2026.

*/s/ Hope Thai Cannon*

**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1.



# Arrest Report

SCANNED
BY: _837_    DATE: _11/16_

CRESTVIEW PD
201 STILLWELL BLVD
CRESTVIEW, FL 32539

| Report Date / Time | Report Number | Case Number/Cad Number | Reporting Officer Name |
|---|---|---|---|
| 11/16/2025 10:24 PM | CPDCHG04316M | CPD25OFF003924 / CPD25CAD038229 | PHILLIPS, MATHEW D |

| Originating Agency ORI | Occur Date Time Range | Jurisdiction | Clearance |
|---|---|---|---|
| FL0460100 | 11/16/2025 22:04:48 - | | |

## Location of Occurrence

| County | Location Type | Location Description | | | |
|---|---|---|---|---|---|
| OKALOOSA | PUBLIC PLACE | INTERSECTION OF S FERDON BLVD / MIRAGE AVE | | | |

| Street Number | Street | Apt/Lot/Bldg | City | State | Zip Code |
|---|---|---|---|---|---|
| | S FERDON BLVD | | CRESTVIEW | FL | 32536 |

## Suspect

| First Name | Middle Name | Last Name | Suffix | Race | Sex | Height | Weight | Hair | Eyes |
|---|---|---|---|---|---|---|---|---|---|
| JYWANZA | IGWE | MOORE | | BLACK | MALE | 6'00" | 250 | BRO | BRO |

| MNI # | SSN | Date of Birth | Age | ID Type | Drivers License or other ID | State | OCA / Agency ID |
|---|---|---|---|---|---|---|---|
| CPD22MNI003996 | ▓ | 03/24/1978 | 47 | E | M600429781040 | FL | |

| Place of Birth: | GA UNITED STATES |
|---|---|

RCVD BRAD E EMERY 0718
NOV 18 2025 ~ 3:40

| Address |
|---|
| * RESIDENCE (LAST KNOWN) / 2624 SALTGRASS WAY , CRESTVIEW, FL 32536 / |

## Arrest

| Arrest Date/Time | Arrest Location Type | Arrest Location Description | | | |
|---|---|---|---|---|---|
| 11/16/2025 10:16:10 PM | PUBLIC PLACE | INTERSECTION OF S FERDON BLVD / MIRAGE AVE | | | |

| Street Number | Street | Apt/Lot/Bldg | County | City | State | Zip Code |
|---|---|---|---|---|---|---|
| | S FERDON BLVD | | OKALOOSA | CRESTVIEW | FL | 32536 |

## Charge : STATE STATUTE

| Counts | Charge | Bond Amount | |
|---|---|---|---|
| 1 | 322.03.1 | $0.00 | ☐ No Bond |

| Charge Degree | Charge Level | General Offense Code |
|---|---|---|
| S | MISDEMEANOR | MOVING TRAFFIC VIOL |

| Charge Description |
|---|
| OPERATE MOTOR VEHICLE W/O VALID LIC 1ST CONV |

## Probable Cause

On the 16th of November, 2025, at approximately 2204 hours, the above named Defendant, Jywanza Igwe Moore, committed the offense of Operating a Motor Vehicle without a Valid License in violation of FSS 322.03.1 when he was operating a 2024 Nissan Altima bearing Florida License Plate FHSY63 on a public roadway without having a valid driver's license.

These offenses are evidenced by the following:

On November 16th, 2025 at approximately 2204 hours, I observed a black 2024 Nissan Altima bearing Florida License Plate FHSY63 traveling northbound on S Ferdon Blvd approaching the intersection of

---

**Arrest Report**    Page 1 of 3

| Report Date / Time 11/16/2025 10:24 PM | Report Number CPDCHG04316M | Case Number/Cad Number CPD25OFF003924 / CPD25CAD038229 | Reporting Officer Name PHILLIPS, MATHEW D | |
|---|---|---|---|---|
| Originating Agency ORI FL0460100 | Occur Date Time Range 11/16/2025 22:04:48 - | Jurisdiction | | Clearance |

Interstate 10. I conducted an NCIC/FCIC query of the vehicle, which showed the registered owner, the Defendant, only possessed an Identification Card out of the state of Florida. I then observed that the Crestview Police Department had previous encounters with the vehicle and Defendant, in which he was informed he did not possess a valid Driver's License. I drove past the vehicle, and was able to identify the operator of the vehicle as the Defendant as he matched the photo on his Florida Identification Card. Due to observing the Defendant operating a motor vehicle, and his NCIC/FCIC return showing he did not possess a valid Driver's License, I conducted an investigative Traffic Stop on the vehicle. The final location of the stop was at the Mobil Gas Station located at 3200 S Ferdon Blvd.

I then made contact with the driver, who I was able to identify as the Defendant through his identification card. I requested the Defendant's Driver's License, to which he provided me with a Florida Identification Card. When I informed him that was not a driver's license, the Defendant then gave me a Georgia Driver's License. The Defendant advised me he did not know he did not have a driver's license, and stated that he has one out of Georgia.

An NCIC/FCIC query of the Defendant's Georgia Driver's License showed it expired in 2020. Furthermore, a query of his information out of Florida showed he only possessed an Identification Card. A query on DAVID showed he only possessed an Identification Card, and that his Driver's License was terminated on December 15th, 2020.

It should be noted prior to this offense, the Defendant had been stopped 2 previous times. The Defendant was stopped by myself on July 1st, 2024, in which he was informed of his driver's license status. The Defendant was issued Written Warning WW-003695 during this stop. The Defendant was also stopped by a different Crestiview PD Officer on March 15th, 2023, in which the Defendant and the passenger in the vehicle swapped seats.

The Defendant was issued administrative Uniform Traffic Citation AKKBAIE for this offense.

This offense occurred within the city limits of Crestview, Florida, where I am a sworn Law Enforcement Officer.

**Jail Booking Facility**

| ▶ | Booking Date/Time 11/16/2025 10:35 PM | Booking County OKALOOSA | Booking Facility OKALOOSA COUNTY JAIL | | Booking Facility Phone (850) 689-5690 |
|---|---|---|---|---|---|
| Booking Facility Location 1200 EAST JAMES LEE BLVD (HWY 90) CRESTVIEW, FLORIDA 32539-3114 | | | | Booking Number 2025005820 | |
| Booking Comments | | | | | |

**Court**

| ▶ | Court County OKALOOSA | Court Location 101 EAST JAMES LEE BLVD. CRESTVIEW, FLORIDA 32536 | | |
|---|---|---|---|---|
| Court | | Court Phone | Court Appereance Date / Time | Court Fine |

**Arrest Report**                                                                                    **Page 2 of 3**

| Report Date / Time<br>**11/16/2025 10:24 PM** | Report Number<br>**CPDCHG04316M** | Case Number/Cad Number<br>**CPD25OFF003924 /<br>CPD25CAD038229** | Reporting Officer Name<br>**PHILLIPS, MATHEW D** |
|---|---|---|---|
| Originating Agency ORI<br>**FL0460100** | Occur Date Time Range<br>**11/16/2025 22:04:48 -** | Jurisdiction | Clearance |

| **OKALOOSA COUNTY COURT** | **(850) 689-5800** | **12/04/2025    1:30 PM** | |
|---|---|---|---|
| Comments | | | |

| Officer Name<br>Rank / ID # | | Involvement On Report /<br>Reporting Role | Officer Agency<br>Org/Unit |
|---|---|---|---|
| **BAIER, BEAU A.**<br>**SGT** | **BAB** | **APPROVING SUPERVISOR** | **CRESTVIEW PD**<br>**PATROL\ALPHA** |
| **PHILLIPS, MATHEW D**<br>**OFC** | **MDP** | **REPORTING OFFICER** | **CRESTVIEW PD**<br>**PATROL\CHARLIE** |

The undersigned certifies and swears that he/she has just and reasonable grounds to believe that the above named Defendant, committed violation(s), of law, on the below date(s) and time(s), as listed in the probable cause associated with this report:

**Reporting Officer**

| Officer Name | Office Rank | Officer ID No | Sworn and subscribed before me, the undersigned authority |
|---|---|---|---|
| **PHILLIPS, MATHEW D** | **OFC** | **MDP** | This the ___16___ day of _____November,_____ ____2025____ |
| Officer Agency<br>**CRESTVIEW PD** | | | DEPUTY OF THE COURT, NOTARY OR LAW ENFORCEMENT |
| Officer Signature | | | |

| ◯ No Bill / Petition | ◯ Issue Warrant | ◯ Prosecution Approved | |
|---|---|---|---|
| | | Signature of Assistant State Attorney | Date |

**Arrest Report**                                                                    **Page 3 of 3**